[Civ. No. 6025. First Appellate District, Division One.—October 31, 1927.]

T. L. CRANE, Respondent, v. HARRY BALLOU, as Executor, etc., Appellant.

Thomas C. Jordan for Appellant.

Thomas P. Boyd and Francis L. Ashe for Respondent.

TYLER, P. J.—Action upon a check executed by one M. H. Ballou and delivered by him to plaintiff. The check had not been paid by reason of a "stop-payment" order. Since the taking of the appeal defendant M. H. Ballou has died and his executor has been substituted as appellant herein.

The complaint alleged in substance that Ballou, on the twelfth day of January, 1924, drew the check upon a certain bank in favor of one Thomas P. Boyd in the sum of $6,718.10 and delivered the same to said · Boyd. The check was presented to the bank upon which it was drawn, but payment was refused for the reason that Ballou had stopped payment thereon. Boyd thereafter assigned all his rights in the transaction to plaintiff, who brought suit thereon. Judgment was prayed for in the amount stated in the instrument, with interest. The answer alleged lack of consideration and as a separate defense set up that a change had been made in

the name of the payee without the authority or consent of defendant. It appeared at the trial that on or about the fifteenth day of August, 1923, M. H. Ballou, a banker, was desirous of assisting his friend, S. P. Brownlee, to obtain certain credit, and with this object in view he joined with him in the execution of a promissory note. Brownlee and several witnesses were called by plaintiff in an attempt to establish the fact that at the time the note was executed and left defendant's hands the space for the name of the payee had been left blank. Other witnesses testified that the name of a payee was inserted in the note, but they were unable at the trial to remember just who the payee was. The trial court found that a payee had been named and that the note was delivered to Ballou, in order that the same might be negotiated with the payee named therein. Thereafter, the name of the original payee was erased by some unknown person and Brownlee caused plaintiff's name to be inserted into the note as the payee thereof. This alteration was made without the knowledge of defendant Ballou. After the alteration was made the note was negotiated by Brownlee to plaintiff, who paid full value therefor, and received the note in exchange for the sum paid. At the time Brownlee negotiated the note it had not matured and plaintiff did not know there had been any change made in the name of the payee and he was not a party to any such change. After maturity of the note and some time in December, 1923, Thomas P. Boyd, acting as attorney for plaintiff, wrote to Ballou advising him that the note was due and demanded payment. In response thereto Ballou called upon Boyd and promised to make payment in January or March of the following year. At this time Ballou knew that the name of the payee had been changed. On the twelfth day of January, 1924, Ballou, in accordance with his promise, delivered to Boyd his check for the amount of his obligation and received in exchange the note as altered with the inscription on its face "Paid, T. L. Crane, per Thos. P. Boyd." The day following, Sunday, January 13, 1924, Ballou called on Brownlee. At his request Boyd and one Deysher accompanied him, and in the presence of the parties Ballou stated to Brownlee that he had been compelled to pay the note in question and demanded that Brownlee execute a chattel mortgage on certain property to him, the principal amount of which would include certain

moneys owed by Brownlee to Ballou, including the amount of the check sued upon. Brownlee, however, refused to execute such an obligation and defendant Ballou thereafter stopped payment on the check he had given to Boyd. Under these facts the trial court found in substance, among other things, that when defendant delivered his check to Boyd he was aware that the note had been altered after its execution and delivery, by the insertion of a different payee and that he assented to such alteration, and delivered his check in consideration of receiving the note; that with such full knowledge he thereby ratified the alteration. Judgment followed in favor of plaintiff.

It is here claimed that the findings are entirely unsupported by the evidence. We are of a contrary opinion. The evidence of defendant himself is amply sufficient to support the findings. As to what constitutes ratification of an altered instrument, no general rule can be laid down, as it is a matter that depends entirely upon the facts in each particular case. Where, however, as here, a party with full knowledge of the facts agrees to pay the amount of an altered instrument, such act constitutes a ratification of the alteration which was unauthorized when made. (1 R. C. L., p. 1033; 2 Cor. Jur. 1257.) Here the evidence as above recited clearly shows a recognition by Ballou of the validity of the instrument, which amounts to a ratification and estops him from denying his liability. Further discussion upon the subject of ratification would answer no useful purpose. Respondent urges the additional argument in support of the judgment, that plaintiff being an innocent holder of an altered note, in due course, may, under the provisions of section 3205 of the Civil Code, enforce the check given in payment or exchange therefor, because such note could be enforced according to its original tenor, and therefore the surrender of said note was ample and sufficient consideration for the check sued upon. The conclusion we have reached upon the subject of ratification renders a discussion of this question unnecessary.

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1927.